MICHAEL FAILLACE & ASSOCIATES, P.C.
Sara J. Isaacson, Esq.
Michael A. Faillace, Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

--------------------------------------------------------X
KARMA YONTEN, *individually and on behalf of others similarly situated,*

                *Plaintiff*,

-against-

MATT & MEERA LLC (D/B/A MAT & MEERA LLC), YESH HOSPITALITY LLC (D/B/A MATT & MEERA), PRAFUR NIKAM, and JOHN LOPEZ,

                *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Karma Yonten ("Plaintiff Yonten" or "Mr. Yonten"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Matt & Meera LLC (d/b/a Mat & Meera LLC), Yesh Hospitality LLC (d/b/a Matt & Meera), ("Defendant Corporations") Prafur Nikam and John Lopez, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Yonten is a former employee of Defendants Matt & Meera LLC (d/b/a Mat & Meera LLC), Yesh Hospitality LLC (d/b/a Matt & Meera), Prafur Nikam, and John Lopez.

2. Defendants own, operate, or control an Indian/Tapas restaurant, located at 618 Washington St, Hoboken, NJ 07030 under the name "Matt & Meera."

3. Upon information and belief, individual Defendants Prafur Nikam and John Lopez, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Yonten was an employee of Defendants.

5. Plaintiff Yonten was employed as a cook at the restaurant located at 618 Washington St, Hoboken, NJ 07030.

6. At all times relevant to this Complaint, Plaintiff Yonten worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Yonten appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Furthermore, Defendants repeatedly failed to pay Plaintiff Yonten wages on a timely basis.

9. Defendants' conduct extended beyond Plaintiff Yonten to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Yonten and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11. Plaintiff Yonten now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Yonten seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Yonten's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Indian/ Tapas restaurant located in this district. Further, Plaintiff Yonten was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Karma Yonten ("Plaintiff Yonten" or "Mr. Yonten") is an adult individual residing in Queens County, New York.

16. Plaintiff Yonten was employed by Defendants at Matt & Meera from approximately September 2012 until on or about January 10, 2018.

17. Plaintiff Yonten consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all relevant times, Defendants owned, operated, or controlled an Indian/Tapas restaurant, located at 618 Washington St, Hoboken, NJ 07030 under the name "Matt & Meera."

19. Upon information and belief, Matt & Meera LLC (d/b/a Mat & Meera LLC) is a domestic corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 618 Washington St, Hoboken, NJ 07030.

20. Upon information and belief, Yesh Hospitality LLC (d/b/a Matt & Meera) is a domestic corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 618 Washington St, Hoboken, NJ 07030.

21. Defendant Prafur Nikam is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Prafur Nikam is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Prafur Nikam possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Yonten, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant John Lopez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Lopez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant John Lopez possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the

wages and compensation of the employees of Defendants, including Plaintiff Yonten, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants operate an Indian/Tapas restaurant located in the Hoboken area of New Jersey.

24. Individual Defendants, Prafur Nikam and John Lopez, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Yonten's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Yonten, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Yonten (and all similarly situated employees) and are Plaintiff Yonten's (and all similarly situated employees') employers within the meaning of 29 U.S.C. §§ 201, *et seq*.

28. In the alternative, Defendants constitute a single employer of Plaintiff Yonten and/or similarly situated individuals.

29. Upon information and belief, Individual Defendants Prafur Nikam and John Lopez operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

   f) intermingling assets and debts of their own with Defendant Corporations,

   g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Yonten's employers within the meaning of the FLSA. Defendants had the power to hire and fire Plaintiff Yonten, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Yonten's services.

31. In each year from 2015 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New Jersey.

*Individual Plaintiff*

33. Plaintiff Yonten is a former employee of Defendants who was employed as a cook.

34. Plaintiff Yonten seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Karma Yonten*

35. Plaintiff Yonten was employed by Defendants from approximately September 2012 until on or about January 10, 2018.

36. Defendants employed Plaintiff Yonten as a cook.

37. Plaintiff Yonten regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New Jersey.

38. Plaintiff Yonten's work duties required neither discretion nor independent judgment.

39. Throughout his employment with Defendants, Plaintiff Yonten regularly worked in excess of 40 hours per week.

40. From approximately May 2015 until on or about September 2017, Plaintiff Yonten worked as a cook from approximately 3:00 p.m. until on or about 10:00 p.m., 4 days a week and from approximately 3:00 p.m. until on or about 11:00 p.m., 2 days a week (typically 44 hours per week).

41. From approximately September 2017 until on or about January 10, 2018, Plaintiff Yonten worked as a cook from approximately 1:00 p.m. until on or about 3:00 p.m. to 4:00 p.m., 2 days a week (typically 4 to 6 hours per week).

42. From approximately May 2015 until on or about September 2017, Defendants paid Plaintiff Yonten his wages in a combination of check and cash.

43. From approximately September 2017 until on or about January 10, 2018, Defendants paid Plaintiff Yonten his wages by personal check.

44. From approximately May 2015 until on or about September 2017, Defendants paid Plaintiff Yonten a fixed salary of $1,000 per week.

45. From approximately September 2017 until on or about January 10, 2018, Defendants paid Plaintiff Yonten a fixed salary of $500 per week.

46. For approximately six weeks towards the end of his employment (approximately $3,000), Defendants did not pay Plaintiff Yonten any wages for his work.

47. Plaintiff Yonten's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

48. For example, Defendants required Plaintiff Yonten to work an additional 2 hours past his scheduled departure time two days a week from approximately September 2017 until on or about January 2018, and did not pay him for the additional time he worked.

49. Defendants never granted Plaintiff Yonten any breaks or meal periods of any kind.

50. Plaintiff Yonten was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

51. Defendants took improper and illegal deductions of Plaintiff Yonten's wages.

52. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Yonten regarding overtime and wages under the FLSA.

53. Further, Defendants did not provide Plaintiff Yonten with any document or any statement accurately accounting for all of his actual hours worked or setting forth the rate of pay for all of his hours worked.

54. Defendants required Plaintiff Yonten to purchase "tools of the trade" with his own funds—including two pairs of shoes.

*Defendants' General Employment Practices*

55. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Yonten (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

56. Plaintiff Yonten was a victim of Defendants' common policy and practices which violate his rights under the FLSA by, *inter alia*, not paying him the wages he was owed for the hours he worked.

57. Defendants habitually required Plaintiff Yonten to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

58. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA by failing to maintain accurate and complete timesheets and payroll records.

59. Plaintiff Yonten was paid his wages a combination of check and cash and then by personal check.

60. Defendants failed to provide Plaintiff Yonten with any document or other statement that accurately accounted for Plaintiff Yonten's actual hours worked, and set forth by day any deductions or credits taken against his wages.

61. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

62. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Yonten (and similarly situated individuals) worked, and to avoid paying Plaintiff Yonten properly for his full hours worked.

63. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

64. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Yonten and other similarly situated former workers.

## **FLSA COLLECTIVE ACTION CLAIMS**

65. Plaintiff Yonten brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

66. At all relevant times, Plaintiff Yonten and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and

one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

67. The claims of Plaintiff Yonten stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

68. Plaintiff Yonten repeats and realleges all paragraphs above as though fully set forth herein.

69. At all times relevant to this action, Defendants were Plaintiff ' Yonten's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Yonten (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

70. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

71. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

72. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Yonten (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

73. Defendants' failure to pay Plaintiff Yonten (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

74. Plaintiff Yonten (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

75. Plaintiff Yonten repeats and realleges all paragraphs above as though fully set forth herein.

76. Defendants required Plaintiff Yonten to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35.

77. Plaintiff Yonten was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Yonten respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Yonten and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Yonten's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Yonten and the FLSA Class members;

(e) Awarding Plaintiff Yonten and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Yonten and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Awarding Plaintiff Yonten and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(h) Awarding Plaintiff Yonten and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(i) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Yonten demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
May 11, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ Sara Isaacson
Sara Isaacson, Esq.
Michael Faillace, Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 8, 2018

BY HAND

TO:   Clerk of Court,

*I hereby consent to join this lawsuit as a party plaintiff.*

Name:                    Karma Yonten

Legal Representative:    Michael Faillace & Associates, P.C.

Signature:               [signature]

Date:                    8 de Mayo, 2018