UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

----------------------------------------------------------X

KARMA YONTEN, *individually and on behalf of others similarly situated,*

Plaintiff,

v.

MATT & MEERA LLC (D/B/A MAT & MEERA LLC), YESH HOSPITALITY LLC (D/B/A MATT & MEERA), PRAFUR NIKAM, and JOHN LOPEZ,

Defendants.

----------------------------------------------------------X

Docket No.: 18-CV-09138 (KM) (MAH)

**ANSWER**

Defendants MATT & MEERA, LLC, YESH HOSPITALITY LLC, PRAFUR NIKAM, and JOHN LOPEZ ("Defendants"), by their counsel, Kaufman Dolowich & Voluck LLP, as and for their Answer to Plaintiff KARMA YONTEN's ("Plaintiff") Complaint (hereinafter the "Subject Complaint") set forth the following:

**AS TO THE NATURE OF THE ACTION**

1. Defendants deny the allegations set forth in Paragraph 1 of the Subject Complaint.

2. Defendants deny the allegations set forth in Paragraph 2 of the Subject Complaint.

3. Defendants deny the allegations set forth in Paragraph 3 of the Subject Complaint.

4. Defendants deny the allegations set forth in Paragraph 4 of the Subject Complaint.

5. Defendants deny the allegations set forth in Paragraph 5 of the Subject Complaint.

6. Defendants deny the allegations set forth in Paragraph 6 of the Subject Complaint.

7. Defendants deny the allegations set forth in Paragraph 7 of the Subject Complaint.

8. Defendants deny the allegations set forth in Paragraph 8 of the Subject Complaint.

9. Defendants deny the allegations set forth in Paragraph 9 of the Subject Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of the Subject Complaint.

11. Defendants neither admit nor deny the allegations set forth in Paragraph 11of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refers all questions of law to the Court.

12. Defendants neither admit nor deny the allegations set forth in Paragraph 12 of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refers all questions of law to the Court.

**AS TO JURISDICTION AND VENUE**

13. Defendants neither admit nor deny the allegations set forth in Paragraph 13 of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refers all questions of law to the Court.

14. Defendants deny the allegations set forth in Paragraph 14 of the Subject Complaint.

**AS TO THE PARTIES**

15. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Subject Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Subject Complaint.

17. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Subject Complaint.

18. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Subject Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Subject Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Subject Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Subject Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Subject Complaint.

**AS TO THE FACTUAL ALLEGATIONS**

23. Defendants deny the allegations set forth in Paragraph 23 of the Subject Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Subject Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Subject Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Subject Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Subject Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Subject Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Subject Complaint and its incorporated sub paragraphs "a)" through "h)."

30.     Defendants deny the allegations set forth in Paragraph 30 of the Subject Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Subject Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Subject Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Subject Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Subject Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Subject Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Subject Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Subject Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Subject Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Subject Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Subject Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Subject Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Subject Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Subject Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Subject Complaint.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Subject Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Subject Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Subject Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Subject Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Subject Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Subject Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Subject Complaint.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Subject Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Subject Complaint.

54.     Defendants deny the allegations set forth in Paragraph 54 of the Subject Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Subject Complaint.

56.     Defendants deny the allegations set forth in Paragraph 56 of the Subject Complaint.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Subject Complaint.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Subject Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Subject Complaint.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Subject Complaint.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Subject Complaint.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Subject Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of the Subject Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of the Subject Complaint.

**AS TO THE FLSA COLLECTIVE ACTION CLAIMS**

65. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Subject Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Subject Complaint.

67. Defendants deny the allegations set forth in Paragraph 67 of the Subject Complaint.

**AS TO THE FIRST CAUSE OF ACTION**

68. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

69. Defendants deny the allegations set forth in Paragraph 69 of the Subject Complaint.

70. Defendants deny the allegations set forth in Paragraph 70 of the Subject Complaint and respectfully refer all questions of law to the Court.

71. Defendants deny the allegations set forth in Paragraph 71 of the Subject Complaint.

72. Defendants deny the allegations set forth in Paragraph 72 of the Subject Complaint.

73. Defendants deny the allegations set forth in Paragraph 73 of the Subject Complaint.

74. Defendants deny the allegations set forth in Paragraph 74 of the Subject Complaint.

**AS TO THE SECOND CAUSE OF ACTION**

75. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

76. Defendants deny the allegations set forth in Paragraph 76 of the Subject Complaint and respectfully refer all questions of law to the Court.

77. Defendants deny the allegations set forth in Paragraph 77 of the Subject Complaint.

**AS TO THE PRAYER FOR RELIEF**

78. Defendants deny that Plaintiff is entitled to any of the relief sought in Paragraphs "(a)" through "(i)" of the Prayer for Relief in the Subject Complaint.

**AS TO THE JURY DEMAND**

79. Defendants deny that Plaintiff is entitled to a trial by jury on some or all of the claims alleged in the Subject Complaint.

**STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

80. Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise. Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

**FIRST AFFIRMATIVE DEFENSE**

81. Plaintiff has failed to state a claim upon which relief can be granted. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**SECOND AFFIRMATIVE DEFENSE**

82. Plaintiff's claims are barred, in whole or in part, by documentary evidence. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**THIRD AFFIRMATIVE DEFENSE**

83. To the extent that the period of time alluded to in Plaintiff's Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255 (a) such claims are barred. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**FOURTH AFFIRMATIVE DEFENSE**

84. To the extent that Defendants' actions taken in connection with Plaintiff's compensation were done in good faith in conformity with, and reliance upon, written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**FIFTH AFFIRMATIVE DEFENSE**

85. To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a

violation of the FLSA, Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C § 260. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**SIXTH AFFIRMATIVE DEFENSE**

86. Plaintiff's claims are barred in whole or in part to the extent that the work Plaintiff performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA, including those provided for in 29 U.S.C §§ 207, 213. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**SEVENTH AFFIRMATIVE DEFENSE**

87. Defendants, at all times, acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the FLSA, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**EIGHTH AFFIRMATIVE DEFENSE**

88. Plaintiff was not an "employee" of Defendants as defined by the FLSA. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**NINTH AFFIRMATIVE DEFENSE**

89. Defendants were not "employers" of Plaintiff as defined by the FLSA. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**TENTH AFFIRMATIVE DEFENSE**

90. Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiff's Complaint, if any. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**ELEVENTH AFFIRMATIVE DEFENSE**

91. To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands, and/or laches. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**TWELFTH AFFIRMATIVE DEFENSE**

92. Even if Defendants, in fact, failed to pay Plaintiff appropriately for any of the activities alleged in Plaintiff's Complaint, to the extent that such activities do not constitute compensable work under the FLSA, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiff's principal activities of employment, they are not compensable. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**THIRTEENTH AFFIRMATIVE DEFENSE**

93. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary to his principal activities or incidental to them. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**FOURTEENTH AFFIRMATIVE DEFENSE**

94. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**FIFTEENTH AFFIRMATIVE DEFENSE**

95. Plaintiff is not entitled to equitable relief insofar as Plaintiff has an adequate remedy at law. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**SIXTEENTH AFFIRMATIVE DEFENSE**

96. Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

97. Assuming *arguendo,* Defendants violated any provision of the FLSA, such violation was not pursuant to a uniform policy or plan. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

98. Assuming *arguendo*, Plaintiff is entitled to recover additional compensation for himself personally, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiff are appropriately limited thereby. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**NINETEENTH AFFIRMATIVE DEFENSE**

99. Defendants have not willfully failed to pay Plaintiff any wages and/or monies due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**TWENTIETH AFFIRMATIVE DEFENSE**

100. Plaintiff lacks standing to file and/or prosecute this action against Defendants and/or to receive any attorney's fees. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

101. Plaintiff is not entitled to an award of prejudgment interest if Plaintiff prevails on any or all of Plaintiff's stated claims. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

102. Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to any relief, including, but not limited to, the failure to properly state facts sufficient to identify any actual or threatened harm to Plaintiff beyond pure speculation, the failure to allege facts showing that Plaintiff has no adequate remedy at law, and the proposal of relief that would impose an undue burden on both Defendants and the Court and be so uncertain as to be wholly unenforceable. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

103. To the extent that discovery reveals that Plaintiff falsely reported his hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiff to falsely report his hours; and no evidence that Defendants knew or should have known that Plaintiff was providing false information as to his hours, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff. *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972). This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

104. To the extent that Defendants are or were neither an "enterprise," nor an "enterprise engaged in commerce," under the FLSA, Defendants were not obligated to pay overtime under the FLSA. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

105. The Complaint is barred in whole or in part to the extent that such claims have been released, waived, discharged, and/or abandoned. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded their reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
October 3, 2018

Kaufman Dolowich & Voluck, LLP
*Attorneys for Defendants*

By: ______________________________

Aaron N. Solomon, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
asolomon@kdvlaw.com

4851-0324-2614, v. 1